**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| MARTIN BUSTILLOS-GONZALEZ,[1] | ) | CASE NO.: 5:08CV837 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHELE EBERLIN, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |


Petitioner Martin Bustillos-Gonzalez ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #2 (all ECF references pertain to Case No. 5:08CV837, unless otherwise noted).  Petitioner is a prisoner in custody at Grafton  Correctional Institution seeking relief from his convictions for trafficking in marijuana and possession of marijuana.  *Id*.  On May 3, 2007, the case was referred to the undersigned for a report and recommendation. ECF Dkt. #s 10, 24.  For the following reasons, the undersigned recommends that the Court DISMISS Petitioner's federal habeas corpus with prejudice.

## I.  FACTUAL BACKGROUND

The Fifth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of

---

[1]The undersigned notes that this case was originally filed in the United States District Court for the Southern District of Ohio and listed two petitioners, Clemente Corral Hernandez and Mr.Bustillos-Gonzalez.  ECF Dkt. #2. After the case was transferred to this Court, Respondent filed a response to a letter drafted by Mr. Bustillos-Gonzalez and requested that each Petitioner be assigned separate case numbers because although they were tried together, they were separated on appeal and thus had different procedural backgrounds which could require Respondent to assert different procedural defenses as to each.  ECF Dkt. #s 16, 18.  On April 1, 2008, this Court ordered that Mr. Bustillos-Gonzalez be removed from the original case and assigned to the instant case.  ECF Dkt. #24.  Since that time, the Court has dismissed Mr. Hernandez's Petition with prejudice.  ECF Dkt. #28 (Case No. 5:07CV399).  Accordingly, the instant Report and Recommendation deals only with Petitioner Bustillos-Gonzalez.

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6 th Cir. 1998), cert. denied, 119 S.Ct. 2403 (1999).  As set

forth by the Fifth District Court of Appeals, the facts are:

> {¶ 3} On or about October 10, 2003, the office manager at the Comfort Inn contacted the Stark County Sheriff's Department in regard to a problem with the guests occupying Room 101 in the hotel. The hotel wished to evict said occupants for violating hotel policies and was also suspicious that drug activity was taking place in said room. (Supp. T. at 26, 28, 148-149, 160, 194) (T. at 342, 397).

> {¶ 4} The officers interviewed the hotel staff who conveyed the following information: a strong pungent odor was emanating from the room; an outside door located next to Room 101 was propped open with a rock; there was a lot of foot traffic to and from said room; Room 101 received a lot of outside visitors; Room 101's occupants were taking out their own trash; Room 101's occupants refused housekeeping for three days; the occupants paid the room rental in cash daily; neither of the occupants was the same person who rented the room; and the occupants failed to provide picture identification to the hotel staff upon request.

> {¶ 5} The officers knocked on the door of Room 101, identified themselves, explained the hotel's concerns and asked if they could enter the room, in response to which Appellant stepped back on let [sic] the officers inside the room. Once inside the room, the officers noted a very strong odor of cologne. (T. at 321, 379).

> {¶ 6} Appellant and the other room occupant, Clemente Hernandez, provided the officers with Colorado driver's licenses and social security numbers. However, Appellant admitted that the social security numbers were fictitious and that they were both illegal aliens. (T. at 409).

> {¶ 7} The officers then separated the two room occupants and separately requested and obtained permission to search the room after being told that that [sic] there were no narcotics, weapons or contraband in the room. As a result of said search, the officers located ninety-seven individual plastic baggies containing marijuana in various duffel bags and luggage. (T. at 322-325). These baggies were accompanied by dryer sheets. Id.

> {¶ 8} Appellant Gonzales and Hernandez were arrested, handcuffed and advised of their Miranda rights, in both English and Spanish. Appellant Gonzales and Hernandez told the officers that they understood their rights and when asked if there was anything else in the room, Appellant nodded toward another marijuana filled bag. (T. at 323-324, 329, 406, 447).

> {¶ 9} Appellant Gonzales and Hernandez told the officers that they had driven to Ohio from Colorado to deliver marijuana at the direction of an unknown man in Colorado who provided them with cell phones and told them that they would be contacted by

-2-

another unknown man upon their arrival in Canton who would tell them where to deliver the marijuana. They stated that they were paid $3,000.00 each to deliver the marijuana. (T. at 329-331, 407-408).

{¶ 10} On October 30, 2003, Appellant Gonzales was indicted on one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2)(C)(3)(f) and one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(f)

{¶ 11} On December 16, 2003, Appellant filed a motion to suppress the evidence against him.

{¶ 12} On February 9, 2004, the trial court conducted a hearing on Appellant's motion to suppress.

{¶ 13} On March 11, 2004, the trial court denied appellant's motion to suppress.

{¶ 14} On April 13, 2004, a jury trial commenced in this matter.

{¶ 15} The jury trial concluded with a verdict of not guilty as to the charge of trafficking in marijuana and guilty as to the charge of possession of marijuana.

{¶ 16} The trial court sentenced appellant to serve eight (8) years in prison.

ECF Dkt. #28, Ex. 14 at 1-4; *State v. Bustillos-Gonzales*, 2005 WL 1111218, at *1 - *2 (Ohio App. 5 Dist. May 9, 2005).

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

The August term of the Stark County, Ohio Grand Jury issued an indictment against Petitioner alleging that he committed trafficking in marijuana in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(2) and possession of marijuana in violation of O.R.C. § 2925.11(A) and (C)(3)(f).  ECF Dkt. #28, Ex. 1.

On December 11, 2003 and December 16, 2003, Petitioner, through counsel, filed a motion to suppress evidence and an amended motion to suppress evidence.  ECF Dkt. #28, Ex's. 2,3.  On March 11, 2004, the Stark County Court of Common Pleas denied Petitioner's  motion.  ECF Dkt. #28, Ex. 4.

On December 26, 2003 and February 4, 2004, Petitioner, through counsel, filed two motions to dismiss the case against him as a result of prosecutorial misconduct. ECF Dkt. #28, Ex's. 5, 6. On March 22, 2004, the trial court denied the motions. ECF Dkt. #28, Ex. 7.

Following a jury trial, on April 15, 2004, the jury found Petitioner not guilty of trafficking in marijuana and guilty of marijuana possession. ECF Dkt. #28, Ex's. 8,9. The trial court sentenced Petitioner to eight years of imprisonment and up to three years of post-release control, suspended his driver's license for five years, and imposed a mandatory fine of $7,500.00. ECF Dkt. #28, Ex. 10.

**B.    Direct Appeal**

On April 29, 2004, Petitioner, through new counsel, filed a notice of appeal to the Fifth District Court of Appeals. ECF Dkt. #28, Ex. 11. On January 12, 2005, Petitioner filed a brief on the merits, asserting the following assignments of error:

> **ASSIGNMENT OF ERROR I**
> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. MARTIN BUSTILLO-GONZALES BY FAILING TO SUPPRESS ALL THE EVIDENCE AGAINST HIM
>
> **ASSIGNMENT OF ERROR II**
> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. MARTIN BUSTILLO-GONZALES WHEN IT ALLOWED THE PROSECUTION TO COMMENT ON THE[sic] MR. GONZALES' SILENCE IN VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.
>
> **ASSIGNMENT OF ERROR III**
> THE APPELLANT MR MARTIN BUSTILLO-GONZALES WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> **ASSIGNMENT OF ERROR IV**
> THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT MR. MARTIN BUSTILLO-GONZALES OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT MR. GONZALES[sic] WAS IN POSSESSION OF THE MARIJUANA.
>
> **ASSIGNMENT OF ERROR V**
> THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE

-4-

APPELLANT MR. MARTIN BUSTILLO-GONZALES OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION AS THE VERDICT FOR THE CHARGE OF POSSESSION OF MARIJUANA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #28, Ex. 12. On May 9, 2005, the appellate court affirmed the trial court's judgment. ECF Dkt. #28, Ex. 14.

On November 1, 2005, Petitioner, pro se, filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #28, Ex. 15. Petitioner contemporaneously filed a motion for leave to file a delayed appeal. ECF Dkt. #28, Ex. 16. Petitioner stated that he had not filed a timely appeal because he did not know until June 27, 2005 that the appellate court had decided his case. *Id.* at 2. Petitioner contends that he received notice through a letter from his lawyers with a copy of the opinion attached. *Id.* at 2. Petitioner further explained that he was an illegal alien of Mexican nationality whose native language was Spanish and he lacked an elementary understanding of the English language. *Id.* Petitioner attached a copy of the letter from his counsel, dated June 27, 2005, in which counsel indicated that he sent Petitioner the appellate decision one month prior but Petitioner apparently did not timely receive the decision. Petitioner also attached a copy of a letter dated July 1, 2005 in which the Ohio Public Defender declined his request for representation of his case to the Ohio Supreme Court.

On November 14, 2005, the State of Ohio filed a motion to dismiss Petitioner's motion for delayed appeal, asserting that he had failed to plead adequate reasons for his delay in filing and failed to attach a copy of the appellate court opinion from which he sought appeal. ECF Dkt. #28, Ex. 17. The State questioned Petitioner's claim that he did not receive notice of the appellate decision in a timely manner. *Id.*

On December 14, 2005, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal and denied the State's motion to dismiss as moot. ECF Dkt. #28, Ex. 18.

### C.    Motion to Vacate Sentence

On November 5, 2004, while his direct appeal was still pending, Petitioner filed a pro se motion to vacate his sentence. ECF Dkt. #28, Ex. 19. Petitioner asserted that the trial court violated

his constitutional rights by sentencing him beyond the statutory maximum.  *Id.*  The trial court did not rule on that motion.

### D.    Federal Habeas Corpus Petition

On November 27, 2006, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #2; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raises the following grounds for relief:

> **Ground one:**      TRIAL COURT IMPROPERLY APPLIED FEDERAL CASE LAW TO THE FACTS OF PETITIONERS' 4TH AMENDMENT CLAIMS, THEREBY DENYING DUE PROCESS OF LAW.
>
> **Ground two:** PETITIONERS WERE DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> **Ground three:**      THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PETITIONERS WHEN IT ALLOWED THE PROSECUTION TO COMMENT ON PETITIONERS' SILENCE IN VIOLATION OF THEIR FIFTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST SELF INCRIMINATION.

ECF Dkt. #2.

On  July 9, 2007, Respondent filed a return of writ.  ECF Dkt. #17.  On August 29, 2007, Petitioner filed a joint traverse with Mr. Hernandez.  ECF Dkt. #22. On July 10, 2008, Respondent filed an answer with regard to Petitioner Bustillos-Gonzalez.  ECF Dkt. #28.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed.  ECF Dkt. #28 at 7-8.

-6-

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)        The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. § 2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**IV**.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case. Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

-8-

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

    A.    Decisions of lower federal courts may not be considered.

    B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

    C.    The state court decision may be overturned only if:

        1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' (the Supreme Court precedent must exist at the time of petitioner's direct appeal) or;

        2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.   Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on

-10-

matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

The undersigned recommends that the Court dismiss the instant petition, in its entirety, as time-barred and find that Petitioner is not entitled to equitable tolling.

On May 9, 2005, the appellate court issued its decision affirming Petitioner's conviction. ECF Dkt. #28, Ex. 14.  Petitioner therefore had 45 days, or until June 23, 2005, to file a notice of appeal to the Supreme Court of Ohio.  *See* Ohio S. Ct. R. P. Rule II § 2A(1)(a).  Petitioner did not file a motion for delayed appeal to the Supreme Court of Ohio until November 1, 2005.  ECF Dkt. #28, Ex.15, 16.  Accordingly, Petitioner's conviction became final on June 23, 2005 and the AEDPA statute of limitations began running the next day, on June 24, 2005.  The statute of limitations continued to run for 130 days until Petitioner filed a motion for delayed appeal on November 1, 2005.  *Id*.  A motion for delayed appeal is considered to be a motion for post-conviction relief. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001).

The filing of the motion for delayed appeal does not cause the AEDPA's statute of limitations to begin to run anew; it only tolls the statute for the time the motion is pending if it was properly filed. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ; *Searcy*, 246 F.3d at 519. Therefore, Respondent is correct in asserting that the period of 90 days for which Petitioner could have sought a writ of certiorari in the United States Supreme Court does not toll the statute of limitations in this case because a direct appeal had already concluded.  *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083, 166 L.Ed. 2d 924, 75 USLW 4095 (2007)(AEDPA statute of limitations period is not tolled during time in which applicant files or could file for writ of certiorari in United States Supreme Court for review of denial of state post-conviction relief.).

Accordingly, the AEDPA statute of limitations was tolled only until the Ohio Supreme Court denied the motion for delayed appeal on December 14, 2005.  ECF Dkt. #28, Ex. 18.  Petitioner's one-year statute of limitations again began running on December 15, 2005, the day after the Ohio Supreme Court denied the motion for delayed appeal.  The statute ran from December 15, 2005 through November 26, 2006, the day before Petitioner delivered the instant federal habeas corpus petition to prison officials.  Therefore, an additional 346 days elapsed under the AEDPA statute of limitations, for a total of 476 days.

The sole remaining issue is whether Petitioner's then  pending motion to vacate his sentence had any effect on the AEDPA statute of limitations.  ECF Dkt. #28, Exhibit 19.  The undersigned recommends that the Court find that Petitioner's motion to vacate his sentence was not properly filed because it was untimely.  Ohio Revised Code § 2953.21(A) addresses petitions for post-conviction relief under Ohio law and section (A)(2) specifically states that petitions for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication..." O.R.C. § 2953.21(A)(2).  Here, Petitioner filed the trial transcript in the appellate court on April 29, 2004.  *See* Online Case Docket for Stark County Court of Common Pleas, Case No. 2003CR1385A. Thus, he had to file his motion to vacate within 180 days of April 29, 2004, or no later than October 27, 2004 in order for the motion to be properly pending so as to toll the AEDPA statute of limitations.  Petitioner filed his motion to vacate in the trial court on November 5, 2004, beyond the 180 days.  Thus, the Court should find that Petitioner's motion to vacate his sentence was not properly filed and does not additionally toll the AEDPA statute of limitations.

### B.    Equitable Tolling

Petitioner may still be able to have his case reviewed before this Court if he shows that he is entitled to equitable tolling of the AEDPA statute.  Petitioner asserts that his counsel failed to notify him of the appellate court's decision on his direct appeal and he therefore was unable to file a timely notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #22 at 5.  Petitioner also asserts

-12-

that Spanish is his native tongue, and his limited ability to understand and translate English must be considered in determining whether equitable tolling is warranted.  ECF Dkt. #22 at 6.

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Petitioner does not claim that he lacked actual or constructive knowledge of the filing requirement for the instant petition.  Rather, he insists that he diligently pursued his rights at the state level, except when his counsel failed to notify him that the appellate court had decided his direct appeal which caused him to file a motion for delayed appeal before the Supreme Court of Ohio.  ECF Dkt. #22 at 4-6.

Even accepting Petitioner's assertion that his appellate counsel did not timely notify him that the state appellate court had rendered a decision on his direct appeal, the Court should still find that his federal habeas corpus petition is time-barred.  Generally, "a lawyer's mistake is not a valid basis for equitable tolling."  *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").  "Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling."  *Elliott v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001)(citations omitted).  In *Elliott*, the Sixth Circuit found that Elliott was not entitled to equitable tolling despite his argument that neither the court nor his attorney told him that the appellate court had affirmed his convictions so that he could file a timely appeal.  The court found that Elliott did not diligently pursue his rights because he failed to monitor the status of his appeal.

-13-

*Id.*  In addition, the Sixth Circuit has explicitly held that a mere showing of diligence at the state level is insufficient to merit equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (delay of seven months between conclusion of state postconviction proceedings and filing of federal habeas petition demonstrated lack of diligence); *Fuller v. Thomas*, 110 Fed.Appx. 496, 499 (6th Cir. Aug. 24, 2004) ("As an initial matter, Fuller focuses on his diligence in pursuing Ohio state court relief, not federal habeas relief. His equitable tolling argument fails because he did not provide any reasons for tolling AEDPA.").  In sum, Petitioner has failed to establish that his attorney's error had any effect on his knowledge of the federal AEDPA statute of limitations.

Petitioner also asserts in his traverse that he is entitled to equitable tolling of the AEDPA statute of limitations because he is of Mexican descent with illegal immigration status and his native language is Spanish.  ECF Dkt. #22 at 6.  He asserts that he has a limited ability to communicate and the trial court had to appoint an interpreter.  *Id*.

The Court should reject this reason for finding that Petitioner is entitled to equitable tolling. In *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), the Sixth Circuit Court of Appeals held that:

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

Here, Petitioner did not lack access to the courts due to his deficient proficiency in English.  He had a translator at the state court level, and accessed both the state courts and this Court.  In addition, he filed a pro se motion before the Ohio Supreme Court, and a pro se motion to vacate his sentence. He also filed the instant petition pro se and was able to request a copy of the trial transcript due to indigency.  ECF Dkt. #12; ECF Dkt. #28, Ex's.15,16, 19.

Since Petitioner was not denied access to the courts based upon his lack of proficiency in the English language, the Court should find that Petitioner is not entitled to equitable tolling.

Finally, when a petitioner has failed to show that factors exist in favor of equitable tolling, the Court need not consider prejudice to the respondent.  *Dunlap*, 250 F.3d at 1009.

-14-

## VI.    **CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice.  ECF Dkt. #2.


Date: January 8, 2008                                         */s/George J. Limbert*
                                                             GEORGE J. LIMBERT
                                                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).